IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00914-BNB

JIMMY GARCIA,

    Applicant,

v.

WARDEN SLOAN, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

    Applicant, Jimmy Garcia, is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Garcia has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 5) challenging the validity of his criminal conviction in Boulder County District Court case number 11CR98. The court must construe the application liberally because Mr. Garcia is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Garcia will be ordered to file an amended application if he wishes to pursue his claims in this action.

    Mr. Garcia's claims in the application are not clear. Although he lists three claims for ineffective assistance of counsel in the application, Mr. Garcia does not allege specific facts in support of those claims. Mr. Garcia also refers to various claims in

letters to the court attached to his motion to proceed *in forma pauperis* (*see* ECF No. 4 at 12-23), but it is not clear whether he intends to pursue those claims in this action and, if so, it also is not clear what specific claims he is asserting and what specific facts support those claims. For example, Mr. Garcia asserts that counsel was ineffective by failing to interview witnesses, retain an expert witness, and introduce exculpatory documents, but he fails to allege what witnesses were not interviewed or what their testimony would have been, what expert witness should have been retained and how the expert would have aided the defense, and what exculpatory documents were not introduced and how they are exculpatory. Mr. Garcia similarly makes conclusory allegations regarding the prosecution's failure to disclose exculpatory evidence, a suppression issue, a failure to object to consecutive sentences, double jeopardy, and the racial composition of the jury.

Because the specific claims he is asserting are not clear, Mr. Garcia will be ordered to file an amended application. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Garcia must identify the specific federal constitutional claims he is asserting and must provide specific factual allegations in support of each asserted claim. The habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action.

*See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that Mr. Garcia file an amended application that complies with this order **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. Garcia shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Garcia fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED April 24, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge