IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00914-BNB

JIMMY GARCIA,

      Applicant,

v.

WARDEN SLOAN, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Jimmy Garcia, initiated this action by filing *pro se* a letter to the Court

(ECF No. 1) that relates to his state court criminal conviction. On April 22, 2013, Mr.

Garcia filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254

(ECF No. 5). On April 24, 2013, Magistrate Judge Boyd N. Boland entered an order

directing Mr. Garcia to file an amended application that clarifies the claims he is

asserting in this action. On May 6, 2013, Mr. Garcia filed an amended Application for a

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 9). Mr. Garcia is

challenging the validity of his conviction in Boulder County District Court case number

11CR98. He asserts a number of claims that defense counsel was ineffective and one

claim that defense counsel had a conflict of interest.

On May 28, 2013, Magistrate Judge Boland ordered Respondents to file a Pre-

Answer Response limited to raising the affirmative defenses of timeliness under 28

U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. §

2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On July 16, 2013, Respondents filed a Pre-Answer Response (ECF No. 18).  On August 5, 2013, Mr. Garcia filed Applicant's Reply to Pre-Answer Response (ECF No. 19).

The Court must construe the documents filed by Mr. Garcia liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

Mr. Garcia was convicted by a jury on two counts of sexual assault on a child. (*See* ECF No. 18-1 at 2-3.)  On May 25, 2012, Mr. Garcia was sentenced to indeterminate terms of eight years to life in prison and twenty years to life mandatory parole on each count.  (*See id.*)  On September 17, 2012, Mr. Garcia filed in the trial court a motion for postconviction relief.  (*See id.* at 6.)  On December 19, 2012, the trial court appointed the public defender to represent Mr. Garcia in the postconviction proceedings and ordered the public defender within forty-five days to enter an appearance, investigate the claims raised by Mr. Garcia, and raise any other claims that properly may be raised pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  (*See id.* at 5.)  On February 2, 2013, the Colorado Court of Appeals granted Mr. Garcia's motion to file a direct appeal out of time (*see* ECF No. 18-3) and that appeal remains pending.  On February 7, 2013, the trial court granted Mr. Garcia's Motion to Preserve Claims in which he asked to be allowed to raise and pursue his postconviction claims after his direct appeal concludes.  (*See* ECF No. 18-4.)

2

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  However, Respondents do raise the affirmative defense of exhaustion of state court remedies.  More specifically, Respondents contend that Mr. Garcia has failed to exhaust state remedies for any of his claims because his direct appeal remains pending in the Colorado Court of Appeals and the postconviction motion he filed in the trial court is being held in abeyance pending resolution of his direct appeal.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982)

3

(per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court agrees with Respondents that none of Mr. Garcia's claims in this action have been presented fairly to the state courts.  Mr. Garcia does not dispute the fact that his direct appeal from the judgment of conviction has not concluded and remains pending in the Colorado Court of Appeals.  Although Mr. Garcia disagrees with the decision made by his attorneys to pursue a direct appeal prior to seeking postconviction relief, he fails to demonstrate he has fairly presented any of his claims to the state courts.  To the extent Mr. Garcia seeks to pursue claims of ineffective assistance of counsel that cannot be raised in a direct appeal, he fails to demonstrate that he will be unable to pursue those claims in a postconviction motion after his direct appeal concludes.  As a result, the Court finds that this action must be dismissed for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

4

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 5) and the amended

application (ECF No. 9) are denied and the action is dismissed without prejudice for

failure to exhaust state remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this _15th_ day of _August_, 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court